IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 95-40353 and
95-40354
Summary Calendar
_____

MICHAEL MORENO,

Plaintiff-Appellant,

versus

CAMPBELL TAGGART BAKING COMPANIES, INC.,
STEVE BERNHARD, BOB BAHR, and
BOBBY HOWARD,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA-C-93-438 & CA-C-94-52)

_____

January 19, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

Michael Moreno was fired from his position with Campbell Taggart Baking Co. (also known as Rainbo Baking Co. or "Rainbo"), on grounds of insubordination. In two separate suits in state court, he sued his employer, supervisors, and the company doctor, alleging wrongful retaliation for filing a worker's compensation claim, breach of contract, negligence, and invasion of privacy. Immediately before the defendants removed the first suit to federal

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court, the state court granted summary judgment to the defendants on the retaliation claim. The remaining claims were removed by the defendants to federal court, and Moreno's motions to remand both lawsuits were denied. The district court subsequently granted summary judgment in favor of the Rainbo defendants and Dr. Howard, on all claims, and it is from this judgment that Moreno appeals. We affirm.

I

Moreno was a baker's helper with Rainbo. On October 1, 1992, he injured his heel at work. He called his supervisor the next day to tell him he was sick and would not be in. The supervisor directed Moreno to come to work to complete an injury report form, and arranged for Moreno to see the company doctor, Dr. Howard, that afternoon. Another supervisor, Steve Bernhard, told Moreno to call him after visiting with the doctor. Dr. Howard confirmed the injury, gave Moreno an excuse from work that day, and directed him not to report to work until October 4, since October 3 (the next day) was Moreno's regular day off. Moreno, however, did not tell the doctor that he was scheduled to work later that afternoon, or that light duty work was an option.

After his appointment, Moreno called Bernhard and told him that Dr. Howard had advised him to stay home until Sunday, October 4. Bernhard told Moreno that he was going to call Dr. Howard and ask if Moreno could perform light duty work, and that if he could, he was to report to work that day to answer phones. Bernhard then

called Dr. Howard, who told him that he had not considered light duty. He further said that there was no reason Moreno could not perform work that would not require him to stand. Bernhard then had another Rainbo employee, Bob Bahr, call Dr. Howard to confirm what the doctor had said, and Dr. Howard told Bahr the same thing.

While Bernhard was talking to Dr. Howard, Moreno called the union's chief steward, Frank Garcia, and told him that he had been injured, that Dr. Howard had ordered him not to work until October 4, and that Bernhard had ordered him to work light duty. Based on this information, Garcia told Moreno not to go to work. Shortly thereafter, Garcia told Bernhard that he had advised Moreno to stay home, and Bernhard responded that Dr. Howard had cleared Moreno for light duty. Based on this new information, Garcia told Bernhard that he agreed that Moreno should perform light duty work. Garcia said he would call Moreno to tell him to come to work. From about 4:25 p.m. to 10:00 p.m., Bernhard and Garcia tried to call Moreno to order him to work, but Moreno did not answer his telephone.

When Moreno reported to work on October 4, Moreno told Garcia that he had not answered his telephone because he knew Bernhard was trying to call to order him to work, and he did not want to speak to him. Bernhard then terminated Moreno for insubordination, including failing to report to work as instructed, and failing to answer the telephone when he knew Bernhard was going to call him. Without a request from Moreno, Garcia filed a grievance on Moreno's behalf, seeking to have Moreno reinstated on the grounds that he

had been terminated without just cause. Garcia later withdrew the grievance, after he concluded that Rainbo had just cause to terminate Moreno under the terms of the collective bargaining agreement between the union and Rainbo.

In his first lawsuit (Moreno I), filed in state court, Moreno alleged a cause of action for wrongful retaliation for filing a worker's compensation claim, and sued both Rainbo and Bernhard, the supervisor who fired him. After the defendants filed motions for summary judgment, Moreno amended his lawsuit to add new claims, including breach of contract. The defendants then removed the case to federal court, arguing that the case became removable upon amendment by Moreno, since the breach of contract claim was preempted by Section 301 of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185(a). Before removal, however, the state court granted summary judgment for the defendants on the retaliation claim. After removal of the remaining claims, the federal court denied Moreno's remand motion. Two weeks after the removal of Moreno I, Moreno filed a second suit in state court ("Moreno II") against Rainbo, Bahr, and Dr. Howard, alleging invasion of privacy and negligence. The defendants removed Moreno II to federal court, again asserting preemption under Section 301. Moreno's motion to remand Moreno II was also denied.

All defendants in both cases moved for summary judgment. The district court granted the motions, concluding that resolution of Moreno's claims, and determination of his damages, required

interpretation of the collective bargaining agreement between Rainbo and the union, and that the claims were therefore preempted by Section 301. The district court further found that Moreno had failed to exhaust his administrative remedies under the collective bargaining agreement, or to show that the union had violated its duty of fair representation. Thus, Moreno had failed to state a claim under Section 301, and he had no cognizable claims against either his employer or the company doctor, Dr. Howard.

On appeal, Moreno contends that the district court improperly granted summary judgment, arguing (1) that the district court did not specifically rule that the defendants were in an industry affecting commerce, so as to come under the purview of Section 301; (2) that preemption should not have applied because (a) his claims were against individuals, rather than against the defendant Rainbo, (b) his lawsuit allegedly involved a written contract independent of the collective bargaining agreement, and (c) exhaustion would have been futile, and consequently he did not need to exhaust his administrative remedies; (3) that the removal of his case was improper, because Section 301 did not preempt his claim, but was merely a federal defense; and, finally, (4) that the state court erred in granting summary judgment in favor of Rainbo on the retaliation claim.

## II

Because this is a case on appeal from the grant of motions for summary judgment, we review the record de novo. Calpetco 1981 v.

<u>Marshall Exploration, Inc.</u>, 989 F.2d 1408, 1412 (5th Cir. 1993). Under Rule 56(c) of the Federal Rules of Civil Procedure, we examine evidence presented to determine that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Once a properly supported motion for summary judgment is presented, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); <u>Brothers v. Klevenhagen</u>, 28 F.3d 452, 455 (5th Cir.), <u>cert. denied</u>, 115 S.Ct. 639 (1994). We must review "the facts drawing all inferences most favorable to the party opposing the motion." <u>Matagorda County v. Russell Law</u>, 19 F.3d 215, 217 (5th Cir. 1994).

### III

We have reviewed the briefs, record, and supporting documentation, and are fully convinced that we must affirm the district court's grant of summary judgment in all respects. Although the district court could have rejected Moreno's state law tort claims based on the uncontroverted substantive evidence in the defendants' summary judgment motions, it instead found that the claims were preempted, in their entirety, by Section 301. We agree. The record establishes that Rainbo is in an industry affecting commerce, and Moreno's claim to the contrary (to avoid applicability of Section 301, and asserted for the first time on

appeal), is meritless.  Likewise, we agree with the district court that Moreno's breach of contract claim was inextricably linked to the collective bargaining agreement between Rainbo and the union, and was, therefore, also displaced by Section 301.  Finally, we reject Moreno's claim that the state court improperly granted summary judgment on his claim for retaliation for having filed a workers' compensation claim.  Moreno proffers no evidence of a causal nexus between his injury and his termination, beyond his conclusory allegations, and summary judgment was therefore appropriate.

Because his state law claims were subsumed by Section 301, Moreno was required to exhaust his grievance procedures before filing a claim in court.  He filed no grievance, nor requested that one be filed on his behalf.  After his union steward filed--and then withdrew--a grievance for him, Moreno made no objection.  His futility argument is also without merit, because the collective bargaining agreement that covered Moreno contained a provision for a neutral arbitrator, and this court has held that the availability of such arbitration refutes a futility argument as a matter of law. Parham v. Carrier Corp., 9 F.3d 383 (5th Cir. 1993).  Moreno simply failed to exhaust his administrative remedies, and this failure is fatal to his Section 301 claim.[1]

---

[1]We also reject Moreno's legally flawed argument that, because no Section 301 claim appeared on the face of his well-pleaded complaint, no federal question existed so as to warrant removal of the two lawsuits.  We recently have explained as follows:

As Rainbo points out in its brief to this court, Moreno set out on a legal quest to turn his $70.00 heel injury into a claim for actual and punitive damages totalling $30 million.  Unable to find the proper mix of defendants and claims in his first lawsuit, Moreno filed another, hoping somehow to evade the bar of Section 301 preemption.  Having determined that Moreno's efforts have failed, the judgment of the district court dismissing the complaint is

A F F I R M E D.

---

Where removal jurisdiction is predicated on the existence of a federal question, the federal question generally must appear on the face of the plaintiff's complaint. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  The removing defendant's interjection of a federal defense is normally insufficient to remove the case.  <u>Id.</u> at 393, 107 S.Ct. at 2430.  One exception to this rule, however, occurs where an area of state law has been completely preempted by federal law.  <u>Id.</u>  Controversies involving collective bargaining agreements, where section 301 of the LMRA, 29 U.S.C. § 185(a), provides the grounds for preemption, constitute such an area of preemption.  <u>Id.</u> at 394, 107 S.Ct. at 2430-31.

<u>Baker v. Farmers Elect. Co-op, Inc.</u>, 34 F.3d 274, 278 (5th Cir. 1994).